Party Attorney:

Pro Se Plaintiff: Joseph Roderick Jr

214 Erie Ave

Fairborn, Ohio 45324

(937)318-8004

The right to appear pro se in a civil case in federal court is contained in a statute, 28 U.S.C. § 1654

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **JOSEPH RODERICK** | Case No. **CV24-01871-PHX-SMB** |
| PLAINTIFF | COMPLAINT FOR: |
| | 1. VERBAL BREACH OF CONTRACT |
| vs. | 2. WILLFUL COPYRIGHT INFRINGEMENT |
| | 3. DETRIMENTAL RELIANCE ON A PROMISE |
| 1. WILLIAM MARTIN JOEL AKA "BILLY JOEL" | 4. FRAUDULENT AND NEGLIGENT MISREPRESENTATION |
| 2. LIBERTY DEVITTO | 5. STATUTORY DAMAGES |
| 3. SONY MUSIC ENTERTAINMENT COLUMBIA | 6. ASKING THE COURT FOR THE AMOUNT OF 15,000,000.00, including royalties from the past, |
| 4. RONDOR MUSIC/UNIVERSAL Attorney MUSIC PUBLISHING GROUP WORLDWIDE | present, and future, plus damages, including Fees, as determined the court. |
| 6. DENNIS ALEXANDER | |
| DEFENDANT(S) et al | |

**Plaintiff <u>Joseph Roderick II</u> brings forth the following causes of action and alleges the following:**

**1. BREACH OF VERBAL CONTRACT:** *under Arizona Statute A.R.S. §12-548,* Verbal agreements can be considered legal contracts and will stand up in court so long as they do not fall under the statute of frauds A.R.S. Section 44-101.

**2. WILLFUL COPYRIGHT INFRINGEMENT**: The acts of willful copyright infringement alleged herein and Defendants' entire course of conduct have caused, and are causing Plaintiff great and incalculable damage. *Warner Chappell Music, Inc. v. Nealy, No. 22, 17 U.S. Code § 505 - Remedies for infringement: Costs and attorney's fees, 17 USC 504: Remedies for infringement. The specific acts of willful copyright infringement alleged herein, the entire course of conduct, have caused and are causing Plaintiff great and incalculable damage.*

**3. DETRIMENTAL RELIANCE ON A PROMISE:** *Kerby v. State [ex rel. Frohmiller], 62 Ariz. 294, 157 P.2d 698 [1945]." Builders Supply Corp. v. Marshall, 88 Ariz. 89, 94, 352 P.2d 982, 985 (1960). See Holmes v. Graves, 83 Ariz. 174, 318 P.2d 354 (1957).*

**4. FRAUDULENT AND NEGLIGENT MISREPRESENTATION: § 552(1),** *Arizona Rule of Civil Procedure 9(b) states that when you file a lawsuit based on fraud, you must "state with particularity the circumstances constituting fraud." This rule establishes a different pleading standard for fraud cases than most other claims, which only require "notice pleading" or a general statement of the claim sufficient to put the defendants on notice of your claim. Therefore, you must be specific in alleging the circumstances of any fraud claim from the time you first file your lawsuit with the court.*

**5. STATUTORY DAMAGES:** *Revised Statutes §12-731 Recovery of civil damages, Venegas-Hernández v. Sonolux Records, 370 F.3d 183 (1st Cir.2004); Video Views, Inc.v. Studio 21, Ltd., 925 F.2d 1010 (7th Cir.1991). However, statutory damages should be sufficiently high to deter future infringement. Int'l Korwin Corp. v. Kowalczyk, 665 F.Supp. 652 (N.D.Ill.1987). Moreover, although the plaintiff requesting statutory damages does not have to prove its actual damages or the amount the infringer profited from his conduct, courts have considered these amounts when awarding statutory damages in a case. See, e.g., Webloyalty.com v. Consumer Innovations, LLC, 388 F.Supp.2d 435 (D.Del.2005).*

**6. ASKING THE COURT FOR THE AMOUNT OF:** *15,000, 000.00, including royalties from the past, and future, plus damages, including attorney fees, determined by the court.*

**(PRO SE PLAINTIFF IS REQUESTING JURY DEMAND UNDER SECTION, § 12-1176)**

1. **Pro Se Plaintiff** <u>Joseph Roderick II</u>, herein referred to as Plaintiff <u>Joseph Roderick II,</u> is an individual and a resident of <u>214 Erie Ave, Fairborn, Ohio, 45324</u>, then and at all times mentioned, the right to appear pro se in a civil case in federal court is contained in a statute, 28 U.S.C. § 1654.

2. **Defendant 1.** William Martin Joel (aka' Billy Joel) is a legally defined business entity, formed under the laws <u>State of New York</u>, located at; Maritime Music Inc, c/o William Martin Joel, aka "Billy Joel", 280 Elm Street, 2nd Floor, South Hampton, New York 11968

3. **DEFENDANT 2.** Sony Music Entertainment/Columbia Records is a legally defined business entity, formed under the State of New York laws. Located at; 25 Madison Ave, Fl 19, New York, N.Y. 10010.

4. **DEFENDANT 3.** (Rondor) and Universal Music Publishing Group Worldwide (UMPG), 2105 Colorado Avenue Santa Monica, CA 90404. Rondor/ Universal suppl EMI Music Publishing in foreign territories in

handling Joel's catalog. Rondo Music Publishing operates out of 2440 Sepulveda Blvd.#119 Los Angeles, CA 90064.

5. **DEFENDANT 4.** Liberty Devitto's residence is located at; 545 Washington Ave #503, Brooklyn, New York,

6. **DEFENDANT 5.** Dennis Alexander's residence is located at; 5423 E. Piping Rock Road, Scottsdale Arizona, 85254

**INITIAL COMPLAINT:**

Between July and November 1979, "Brian Shackleford"(Piano player), told Pro Se Plaintiff that "Dennis Alexander", owner of Pantheon Studio then located at 6564 Smoke Tree Ln, Scottsdale, AZ 85253 asked if Pro Se Plaintiff would come in and do some studio work on drums. Pro Se Plaintiff agreed. When Pro Se Plaintiff arrived at the studio, joining a guitarist, bass player, and keyboard player "Brian Shackleford". Pro Se Plaintiff rehearsed in a room with them. We were rehearsing over 3 songs. After rehearsal with the band, Pro Se Plaintiff and the band went into the recording studio and recorded the 3 songs.

Two weeks later, "Keyboard player "Brian Shackleford", keyboard player who also played in the session with Pro Se Plaintiff Joseph Roderick Jr., picked Pro Se Plaintiff up at his home in Phoenix at the time. Pro Se Plaintiff and Brian Shackleford, went for a drive and stopped after riding for about 20 minutes. We got out of the car, and that's when "Brian Shackleford" told me that Musical Artist "Billy Joel" formal name "William Martin Joel" said, he was going to record two out of the 3 songs, and that they would get me on the other end, which I never received. Pro Se Plaintiff is suing for unpaid royalties across the board, including damages—Gibbons v. Ogden, 22 U.S. 1 Supreme Court of the United States.

***No one told Pro Se Plaintiff that the recording session was for William Martin Joel aka, "Billy Joel". Pro Se Plaintiff created drums for, until two weeks later.***

One of those songs was, *"You May Be Right"*, which was a major hit song for William Martin Joel, aka*"Billy Joel", featured on the Glass House Album, in which he received a* Grammy for *"Best Rock Vocal Performance". He also received an Award for* Favorite Pop/Rock Album *of The Year*.

**DEFENDANT: DENNIS ALEXANDER**

Dennis Alexander, former owner of Pantheon Studio, which is no longer operating, was located in Scottsdale, AZ. Mr. Alexander set up the session for the 2 two songs Mr. Joel recorded. Pro Se Plaintiff wasn't aware that the recording session Pro Se Plaintiff played drums and created all the drum parts, was for Recording Artist "Billy Joel". No one told Pro Se Plaintiff. Pro Se Plaintiff tried emailing Defendant Dennis Alexander several times, in the past regarding the session for "Billy Joel". The last time Pro Se Plaintiff emailed Mr. Alexander was December 3, 2023, but he never replied. Throughout the years Pro Se Plaintiff was only able to communicate with Mr. Alexander once. The second email Pro Se Plaintiff sent, asked him about being paid for his work on the song "You May Be Right", recorded by William Martin Joel, aka "Billy Joel". After Pro Se Plaintiff emailed him of his concerns, he never replied. Defendants exploited Pro Se Plaintiff because of his age, and race, and took advantage of Pro Se Plaintiff for not understanding the music business, and how people can take advantage of you, and use you for their best interest. Pro Se Plaintiff was able to contact "Brian Shackleford" 2019, the keyboard player who played in that session with Pro Se Plaintiff. It took Pro Se Plaintiff almost a year after reconnecting with "Brian Shackleford" to bring up the subject of the recording session Pro Se Plaintiff did for William Martin Joel aka, "Billy Joel". Pro Se Plaintiff has acquired evidence of Pro Se Plaintiff's involvement. Pro Se Plaintiff was the drummer on the

Demo, who /1created the drum beats, feels, and energy, duplicated by Defendant "Liberty Devitto", on the song "You May Be Right", recorded by William Martin Joel, aka "Billy Joel". Pro Se Plaintiff is suing for unpaid royalties and damages. Pro Se Plaintiff helped make that song a hit record. Pro Se Plaintiff was deceived. *Ariz. Rev. Stat. Ann. §§ 44-1521 through 44-1534, Arizona Revised Statutes §23-785*

**DEFENDANT LIBERTY DEVITTO:**

Pro Se Plaintiff created the drum parts from beginning to end, the beat, and the feels played throughout the song. No one offered Pro Se Plaintiff ideas or constructive criticism. On the "You May Be Right" demo, Pro Se Plaintiff performed, Pro Se Plaintiff's ideas were duplicated by Mr. Joel's drummer "Liberty Devitto", if Mr. Devitto is playing on the Master. I am not sure if Mr. Joel is using the two-inch tape, of the demo performed by Pro Se Plaintiff on drums, and on the song "You May Be Right". There was another song that Pro Se Plaintiff recorded for "Mr. Joel", but doesn't remember the song(demo) that Pro Se Plaintiff played on, recorded by William Martin Joel, aka "Billy Joel". That means Defendant "Liberty Devitto" received Pro Se Plaintiff royalties based on a wrongful suit in 2009-2010. Pro Se Plaintiff is requesting the court for the settlement agreement made out of court, between Defendant William Martin Joel aka, "Billy Joel" and his ex-drummer "Liberty Devitto." This was all pre-meditated for Pro Se Plaintiff not to claim royalties for the song "You May Be Right". Pro Se Plaintiff is asking the court for the back pay, and residuals(royalties), from the initial release in 1980 to the present, for the song *"You May Be Right"*, paid to drummer *"Liberty Devitto"* who is receiving residuals and credits, for something he did not create, and possibly didn't perform, no more than duplicate Pro Se Plaintiff's performance, created in the studio. *Statute 44 1522, Arizona*, Arizona Revised Statutes §23-785.

**DEFENDANT SONY MUSIC ENTERTAINMENT**: Record Label for William Martin Joel, aka, "Billy Joel". Pro Se Plaintiff is asking the court for all past, present, and future royalties from the song "You May Be Right", from its first day of release in 1980, to current, and future residuals. No one ever communicated with me from any source or entity representing William Martin Joel, aka "Billy Joel" that had something to do with Mr. Joel's song "You May Be Right". Pro Se Plaintiff tried to communicate with William Martin Joel, aka "Billy Joel" and his management team, through email and phone calls, but never received any replies, throughout the years.

**DEFENDANT RONDOR AND UNIVERSAL MUSIC PUBLISHING GROUP WORLDWIDE (UMPG)** owes Pro Se Plaintiff Joseph Roderick II, for past and current royalties for Mr. Joel's song "You May Be Right". Pro Se Plaintiff is suing for songwriter royalties collected by music publishers. Pro Se Plaintiff is asking the court for unpaid royalties for the song "You May Be Right" by William Martin Joel aka, "Billy Joel". Mr. Joel has been affiliated with Defendant since around 2012.

**DEFENDANT: WILLIAM MARTIN JOEL, AKA, "BILLY JOEL, ET AL:** I'm asking that *William Martin Joel, aka "Billy Joel"*, pay Pro Se Plaintiff for damages, and royalties (mechanical/publishing/sales/performance, incurred throughout the years from the initial release of the song in 1980 to the present, and future payments, as well as receiving the credits on the song "You May Be Right", recorded by *William Martin Joel 'aka', "Billy Joel"*. Also, Pro Se Plaintiff is asking the court for records of the 2010 settlement agreement made by Recording Artist "Billy Joel", and drummer "Liberty Devitto", out of court. Defendant "Liberty Devitto", filed it in the New York State Supreme Court in 2009. Arizona Revised Statutes §23-785.

**How could someone continue to make money(royalties), and not pay a dime to his people, for helping him get to where he is today, and not pay his workers a dime?**

*Warner Chappell Music, Inc. v. Nealy, No. 22-1078 – Decided May 9, 2024, the Supreme Court held 6-3*

4

*that a copyright plaintiff can recover damages for any timely claim of infringement, even if the infringement occurred more than three years before the suit's filing*

In 2010 *William Martin Joel 'aka', "Billy Joel"* was sued by his former drummer *"Liberty Devitto"*. That case was settled out of court. *DeVitto v. Joel et al, New York State Supreme Court, New York County, No. 107122/2009.* Mr. Devitto received royalties and drum credits for the song *"You May Be Right"*, he didn't create or possibly perform, on the studio master released by "Mr. Billy Joel"

I'm asking the court for all performance, mechanical royalties, publishing, and sales, which includes; television, motion pictures, radio, social media, internet sales, anywhere the song "You May Be Right" by William Martin Joel, aka "Billy Joel" has been played, and future royalties as long as the song is being played and performed. That includes drum charts of the song "You May Be Right", recorded by William Martin Joel, aka "Billy Joel", that is, and have been available and sold through various outlets, including the internet, (Streaming) other words, as well as outlets that are selling the drum charts" of "You May Be Right" performed by William Martin Joel, aka "Billy Joel".

**COMPENSATORY DAMAGES**

Hearing the song "You May Be Right", recorded by William Martin Joel, aka "Billy Joel" on the radio and elsewhere, is not just a slap in Pro Se Plaintiff's face but, it's like getting slapped with a Semi Truck day in, and day out.

**GENERAL DAMAGES**

In 1981-1982, Pro Se Plaintiff was admitted to *Good Samaritan Hospital* in Dayton, Ohio for Suffering from a a Nervous Breakdown and Severe Depression. It took Pro Se Plaintiff many years to heal from his mental breakdown. In 2010, Pro Se Plaintiff began receiving disability for Generalized Anxiety. Pro Se Plaintiff is still receiving disability benefits.

Pro Se Plaintiff's dreams as a studio musician would have been very prosperous if Pro Se Plaintiff had received residuals and credits, as the drummer for his work on the song "You May Be Right" particularly. That was Pro Se Plaintiff's dream to become a studio drummer. Since then, Pro Se Plaintiff has suffered many trials, tribulations, and shortcomings, that are difficult to comprehend. I want this nightmare to come to an end!

Pro Se Plaintiff is asking the court for the amount of $15,000,000 if not more, decided by the court.

Respectfully Submitted

*Joseph Roderick Jr.*

Joseph Roderick II

214 Erie Ave

Fairborn, Ohio 45324

                                                                                Pro Se Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that upon court notice, a copy of the foregoing document will be sent to all Defendants below, once the court approves the waiver filing application.

      1. William Martin Joel: Maritime Music Inc, c/o William Martin Joel, aka' Billy Joel)

      280 Elm Street, 2nd Floor,

      South Hampton, New York 11968

      2. Sony Music Entertainment/Columbia Records

      25 Madison Ave, Fl 19,

      New York, N.Y. 10010.

      Universal Music Publishing Group(RONDO)

      2105 Colorado Avenue

      Santa Monica, CA 90404

      3. Liberty Devitto, located at;

      545 Washington Ave #503, Brooklyn,

      New York, N.Y. 11238

      4. Dennis Alexander

      5423 E. Piping Rock Road,

      Scottsdale, Arizona. 85254

<u>Fairborn, Ohio</u>  this _26_ day of _July_, 2024
(City)     (State)

Pro Se Plaintiff:

Joseph Roderick

214 Erie Ave

Fairborn, Ohio 45324